IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TASHA KICHLINE,<br>Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | : | No. 19-183 |

## MEMORANDUM OPINION

TIMOTHY R. RICE                                                                                       June 26, 2019
U.S. MAGISTRATE JUDGE

Plaintiff Tasha Kichline alleges the Administrative Law Judge ("ALJ") erred in denying her application for Disability Insurance Benefits ("DIB") by: (1) improperly weighing the medical opinions; (2) failing to include functional limitations related to headaches and shoulder pain in the RFC; and (3) finding her capable of performing jobs that require greater functionality than her RFC. Pl. Br. (doc. 11) at 1-30. Because I find the ALJ failed to support his decision to reject the treating physician's reaching limitations with substantial evidence, I remand for further consideration.[1]

Dr. Black, Kichline's primary care provider in 2016 and 2017, offered two medical opinions as to Kichline's functionality. The first, written in November 2016, found Kichline had various limitations including that she would likely be absent from work more than five days a

---

[1] Kichline consented to my jurisdiction on January 31, 2019 (doc. 8), pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 72, Local Rule 72.1, and Standing Order, In re Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018). See also Roell v. Withrow, 538 U.S. 580, 584 (2003) (consent to Magistrate Judge jurisdiction can be inferred from failure to object after notice and opportunity).

month, would need to leave work early more than three times a month, and was incapable of sustaining a regular and predictable schedule. R. at 23 (citing id. at 429-32). The second opinion, offered in May 2017, included those same limitations and also found that Kichline was limited in her ability to reach at table level. Id. at 24 (citing id. at 892).

The ALJ explained that he gave these opinions "little weight" because: (1) Dr. Black admitted that her opinion was based on Kichline's self-reported deficiencies and not on her "independent medical assessment of [Kichline's] functionality"; (2) Kichline had recovered well from her carpal tunnel surgeries; (3) the two opinions were offered six months apart from each other and there was no "real change" documented in Kichline's treatment records during that timeframe; and (4) the opinion was inconsistent with the treatment record. Id. Although Kichline demonstrated tender points (a diagnostic measure for fibromyalgia, S.S.R. 12-2p, 2012 WL 3104869, at *3 (July 2012)), the ALJ concluded that her objective imaging and laboratory studies were unremarkable and her examinations noted full strength, intact sensation, normal gait, and full spinal range of motion. R. at 24.

ALJs must discount uncorroborated subjective complaints of pain, 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"), but fibromyalgia presents a unique case. One of the diagnostic criteria for fibromyalgia is that "other disorders that could cause the symptoms or signs were excluded." S.S.R. 12-2p, 2012 WL 3104869, at *3. Thus, one of the "inconsistencies" between Dr. Black's opinion and the record the ALJ relied upon to give the opinion "little weight" – the lack of objective findings from scans and laboratory testing – was actually a diagnostic criteria for the specific impairment the ALJ acknowledged "could reasonably be expected to produce the

2

[]alleged symptoms." R. at 19. The other findings – full strength, intact sensation, normal gait, and full spinal range of motion – are either inaccurate or inapplicable to the alleged shoulder impairment. See, e.g., id. at 436 (finding limited range of motion in right arm with "drop shoulder present" during December 2014 exam); 439 (finding right shoulder strength 3-4/5 during October 2014 exam); 760, 764 (finding of shoulder "tenderness" in October and December 2015); 652-53 (physical therapy notes showing Kichline unable to complete shoulder exercises in August 2016); 811 (finding limited range of motion in right shoulder during May 2017 exam).

The ALJ failed to cite substantial evidence to support his rejection of Dr. Black's opinion that Kichline's shoulder impairment limits her reaching. Dr. Black conceded that some of her conclusions were based on Kichline's subjective reports and explained this is because fibromyalgia "symptoms can vary widely [so] it is difficult to predict a patient's tolerance for work." Id. at 432. Dr. Black noted her opinion was reached "following multiple discussions with the patient regarding her self-reported deficiencies that would interfere with her ability to work." Id. (emphasis in original). She nevertheless relied in part on her objective observations, including physical examinations in 2015-2017. Id. at 807-90. Dr. Black refused to offer any opinion on Kichline's functionality until she had confirmed certain reported symptoms with her own observations. Id. at 839.

Moreover, Dr. Black's treatment records justified a limitation on Kichline's ability to reach at table level between the November 2016 and May 2017 opinions. Id. at 807, 813. That limitation, which the ALJ rejected, was at least partly based on Kichline's subjective reports, since it was not accompanied by objective findings at the examination immediately preceding the

3

2017 opinion. Id. at 817. Objective examination findings confirming the complaints were, however, made by one of Dr. Black's colleagues one week after she authored the opinion. Id. at 811. Further, Kichline's renewed complaints of shoulder pain in 2017 were part of a long-standing pattern. See, e.g., id. at 439 (2014 complaints about shoulder pain).

None of the ALJ's explanations for giving "little weight" to Dr. Black's opinion justify rejecting her shoulder-related limitation because: (1) the opinion was based on more than subjective reports; (2) Dr. Black's medical records show Kichline had stopped complaining about shoulder pain around the time of the 2016 opinion but resumed her complaints before the later opinion, thereby justifying changing the opinion; and (3) the limitation was consistent with the long-term record.[2] Thus, the ALJ failed to provide substantial evidence to support rejecting Dr. Black's opinion that Kichline was limited in her ability to reach at table level due to her shoulder impairment. Oh v. Barnhart, 68 F. App'x 370, 374 (3d Cir. 2003) (remanding when the ALJ failed to "cite medical evidence or opinions to contradict" the treating physician).

This error was not harmless. Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005). Two of the three positions the ALJ found Kichline could perform involve reaching at table level. See R. at 25 (finding Kichline can work as a small products assembler or sorter). The other position, teleorder clerk, is inconsistent with the ALJ's RFC. The Commissioner concedes that teleorder clerks "take[] food and beverage orders over telephone or intercom system[s] and record[] orders on tickets; distribute[] order tickets or call[] out orders to kitchen employees."

---

[2] Although there may be other evidence in the record to support rejecting this limitation, see, e.g., R. at 438 (noting Kichline used her left hand to play the piano in 2014), I may only evaluate the reasoning provided by the ALJ, S.E.C. v. Chenery Corp., 332 U.S. 194 (1947). The exhibits cited by the ALJ – 19F, 39F, 49F – contain multiple, consistent complaints of shoulder pain, as explained above, and are not inconsistent with Dr. Black's 2017 opinion.

4

Def. Br. (doc. 12) at 19. Such work requires more than Kichline's non-exertional limitation to only "occasional interaction with supervisors, coworkers, and the public." R. at 18. Although including this position would have itself been harmless error if the ALJ's RFC had accounted for all of Kichline's limitations, 20 C.F.R. § 404.1566(b) (the ALJ must identify only one job to meet the step-five burden of production), the combination of both errors renders the ALJ's opinion unsupported.

Because I remand this case based on the ALJ's errors with respect to Dr. Black's opinion, it is unnecessary to address Kichline's additional claims. See Steininger v. Barnhart, No. 04-5383, 2005 WL 2077375, at *4 (E.D. Pa. Aug, 24, 2005) (not addressing additional arguments because ALJ may reverse his findings after remand).

An appropriate Order accompanies this opinion.